*In re* CARMEN IBARRA ORTEGA, querellada.

*Número:* O-78-439      *Resuelto:* 21 de enero de 1980

*Héctor A. Colón Cruz, Procurador General, Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Carmen Ibarra Ortega, pro se* y *Alejandro Aramburu Maldonado,* abogado de la querellada.

PER CURIAM: El Procurador General formuló querella contra la notario Carmen Ibarra Ortega imputándole haber faltado a la fe notarial al autorizar el 3 de marzo de 1978 una

declaración jurada sin que la firmara el supuesto otorgante; que presentó la mencionada declaración como válida y legítima en apoyo de una solicitud de renovación de portación de armas en el caso civil PA-78-1411 en el Tribunal Superior, Sala de San Juan, *Orlando Rossy García*, peticionario, *Ex parte;* que la abogada Ibarra se reiteró en la validez de la mencionada declaración jurada ante este Tribunal en su "Moción de Archivo y Sobreseimiento" de fecha 23 de julio de 1978; todo lo cual viola los preceptos de la Ley Notarial y los Cánones de Ética Profesional. Concedimos varias prórrogas a la querellada para contestar la querella hasta que finalmente, el pasado 16 de febrero, le concedimos un término que vencería el 28 de febrero para que mostrara causa por la cual no debía considerarse su silencio como una aceptación de los cargos formulados y aplicársele sanciones disciplinarias. Contestada la querella designamos un Comisionado Especial para oír y recibir la prueba.

El Comisionado Especial, Hon. Manuel J. Vera Mercado, rindió su informe el pasado 31 de octubre en el cual concluye que efectivamente la querellada en su cargo de abogada-notario autorizó el afidávit Núm. 1957 haciendo constar falsamente que en esa fecha el Sr. Orlando Rossy García compareció ante ella y firmó una declaración jurada relacionada con una Petición de Renovación de Licencia para Portar Armas, cuando lo cierto era que el Sr. Rossy García nunca firmó dicha declaración ante ella ni ante persona otra alguna; que la firma del Sr. Rossy fue escrita por el puño y letra de la querellada quien lo hizo, según su propia admisión en la vista, "por error, y bajo la creencia errónea de que firmaba una copia del original de la declaración jurada del Sr. Rossy"; que el perito calígrafo rindió un informe admitido en evidencia por estipulación de las partes afirmando que la persona que firmó como Orlando Rossy García en el juramento no fue la persona de quien le sometieron muestras de escritura identificadas como de aquél. El Comisionado Especial expresó, además, que no le merecía crédito el

testimonio de la querellada concluyendo que la acción de ésta no se debía a error o equivocación, sino que fue hecha deliberadamente y a sabiendas de que estaba firmando en sustitución del Sr. Rossy. También concluyó el Comisionado que el pasado 23 de junio y dentro de este mismo procedimiento de querella, la propia querellada actuando en su propia defensa reiteró ante este Tribunal "que el Sr. Orlando Rossy García firmó ante mí, en mi oficina, el día 3 de marzo de 1978 su petición de portar armas, juramento y en presencia de mis secretarias", haciendo dicha afirmación a sabiendas de que era falsa.

En sus comentarios al Informe del Comisionado la querellada no impugna las conclusiones del Comisionado pero insiste en que su actuación se debió a un error sin motivación alguna y que nunca ha habido contra ella cargos de carácter personal o profesional en los diez años que lleva practicando la profesión; que practica la profesión casi como un servicio público a la gente pobre y necesitada de Puerto Rico.

La actuación de la querellada al firmar deliberadamente un afidávit en sustitución de otra persona y al hacer constar un hecho falso a este Tribunal a sabiendas de su falsedad constituye conducta altamente censurable que destruye la fe pública depositada en ella por la Ley Notarial.

*En consecuencia, se suspende a la notario Carmen Ibarra Ortega del ejercicio del notariado por el término de dos años.*

El Juez Asociado Señor Negrón García suspendería indefinidamente a la querellada del ejercicio del notariado debido a la gravedad de su falta.